JEG:BC:KVH
F.#2011R00212

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

VALENTINA KOVALIENKO,
ELDAR KADYMOFF,
MIKHAIL FARBER,
NISAN R. RANGINI,
HARUTYUN MENEJYAN,
EDUARD GENDELMAN and
MARK NAROVLYANSKIY,

          Defendants.

- - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 14 2011 ★
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. CR 11 0106
(T. 18, U.S.C., §§ 371, 982(a)(7), 1347, 1349, 2 and 3551 et seq.)

J. ORENSTEIN, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

        At all times relevant to this Indictment, unless otherwise indicated:

The Medicare and Medicaid Programs

        1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. The New York State Medicaid program ("Medicaid") was a federal and state funded program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care. CMS was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid were similarly referred to as "beneficiaries."

3. Medicare and Medicaid were each a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

4. Medicare was subdivided into multiple Parts. Medicare Part B covered the costs of physicians' services and outpatient care, such as physical therapy, occupational therapy, and diagnostic tests. Generally, Medicare Part B covered these costs if, among other requirements, they were medically necessary and ordered by a physician.

5. Medicaid covered the costs of medical services and products ranging from routine preventive medical care for children to institutional care for the elderly and disabled. Among the specific medical services and products provided by Medicaid were physical therapy, occupational therapy, and diagnostic tests. Generally, Medicaid covered these costs if,

3

among other requirements, they were medically necessary and ordered by a physician.

6. A physician or medical clinic that sought to participate in Medicare Part B and Medicaid and to bill Medicare and/or Medicaid for the cost of their treatment of Medicare and Medicaid beneficiaries and related benefits, items, and services was required to apply for and receive a provider identification number ("PIN"). The PIN allowed a physician or medical clinic to submit bills, known as "claims," to Medicare and Medicaid to obtain payment for the cost of treatment and related health care benefits, items, and services that they had supplied or provided to beneficiaries.

7. Medical providers were authorized to submit claims to Medicare and Medicaid only for services they actually rendered and were required to maintain patient records verifying the provision of services.

8. To receive payment from Medicare for a covered service, a medical provider was required to submit a claim, either electronically or in writing, through Form CMS-1500 or UB-92. To receive reimbursement from Medicaid for a covered service, a medical provider was required to submit a claim, either electronically or in writing, through a New York State eMedNY-150003 claim form. Both claim forms required certain important information, including: (a) the beneficiary's name and

4

identification number; (b) the PIN of the doctor or other qualified health care provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; (e) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (f) whether or not the beneficiary was also a Medicaid or Medicare recipient. By submitting the claim, the provider was certifying, among other things, that the services that were rendered to the patient were medically necessary.

Relevant Entities

9. Prime Care On The Bay, LLC ("Prime Care"), Medical Diagnostic of Brooklyn, PLLC ("MDB") and Bensonhurst Mega Medical Care P.C. ("Bensonhurst") were New York State corporations doing business in Brooklyn, New York. Prime Care, MDB and Bensonhurst were authorized to participate in Medicare and Medicaid. They purported to provide, among other things, physical therapy and diagnostic tests to Medicare and Medicaid beneficiaries.

10. Majestic Transportation, Inc. ("Majestic") and Forward Ambulette, Inc. ("Forward") were New York State corporations doing business in Brooklyn, New York. Majestic and Forward were authorized to participate in Medicare and Medicaid.

They purported to provide transportation services to Medicare and Medicaid beneficiaries.

The Defendants

11. The defendant VALENTINA KOVALIENKO assisted in the operations at Prime Care. KOVALIENKO also was the office manager at Bensonhurst, and assisted in the operations at Bensonhurst.

12. The defendant ELDAR KADYMOFF was the medical director at Prime Care.

13. The defendant MIKHAIL FARBER was a "recuiter" who managed the recruitment of Medicare and Medicaid beneficiaries to Prime Care and MDB. FARBER also co-owned and operated Forward.

14. The defendant NISAN R. RANGINI was a "recruiter" who managed the recruitment of Medicare and Medicaid beneficiaries to MDB. RANGINI also co-owned and operated Forward.

15. The defendants HARUTYUN MENEJYAN, EDUARD GENDELMAN and MARK NAROVLYANSKIY, on behalf of Majestic, transported Medicare and Medicaid beneficiaries to and from Prime Care and MDB and were responsible for paying Medicare and Medicaid beneficiaries who agreed to have their Medicare and Medicaid numbers billed by Prime Care and MDB.

The Fraudulent Scheme

16. The defendants, VALENTINA KOVALIENKO, ELDAR KADYMOFF, MIKHAIL FARBER, NISAN R. RANGINI, HARUTYUN MENEJYAN,

6

EDUARD GENDELMAN and MARK NAROVLYANSKIY, paid, and caused to be paid, cash kickbacks to Medicare and Medicaid beneficiaries to induce those beneficiaries to be transported by Majestic and Forward to and from Prime Care and MDB purportedly to receive physicians' services, physical therapy, and diagnostic tests.

17. The defendants, VALENTINA KOVALIENKO, ELDAR KADYMOFF, MIKHAIL FARBER, NISAN R. RANGINI, HARUTYUN MENEJYAN, EDUARD GENDELMAN and MARK NAROVLYANSKIY, submitted, and caused the submission of, false and fraudulent claims to Medicare and Medicaid on behalf of Prime Care, MDB, and Bensonhurst for services to Medicare and Medicaid beneficiaries that were not rendered and for services that were not medically necessary.

<u>COUNT ONE</u>
(Health Care Fraud Conspiracy)

18. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

19. In or about and between February 2008 and February 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants, VALENTINA KOVALIENKO, ELDAR KADYMOFF, MIKHAIL FARBER, NISAN R. RANGINI, HARUTYUN MENEJYAN, EDUARD GENDELMAN and MARK NAROVLYANSKIY, together and with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud Medicare and Medicaid and to obtain, by means of materially false

and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare and Medicaid, in connection with the delivery of, and payment for, health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

20. The defendants VALENTINA KOVALIENKO, ELDAR KADYMOFF, MIKHAIL FARBER, NISAN R. RANGINI, HARUTYUN MENEJYAN, EDUARD GENDELMAN and MARK NAROVLYANSKIY, together with others, through Prime Care, MDB, and Bensonhurst, submitted, and cause the submission of, approximately $56.9 million in Medicare and Medicaid claims that falsely and fraudulently represented that various health care benefits, items and services were provided and were medically necessary, when, in fact, such benefits, items and services were not provided and were not medically necessary.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNTS TWO THROUGH ELEVEN
(Health Care Fraud)

21. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

22. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants, VALENTINA KOVALIENKO, ELDAR KADYMOFF, MIKHAIL FARBER, NISAN R. RANGINI, HARUTYUN MENEJYAN, EDUARD GENDELMAN and MARK

8

NAROVLYANSKIY, together and with others, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare and Medicaid and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare and Medicaid, in connection with the delivery of, and payment for, health care benefits, items and services:

| Count | Provider; Program Billed | Beneficiary | Approximate Date of Claim | Services Billed | Approximate Claim Amount |
|---|---|---|---|---|---|
| 2 | Prime Care; Medicaid | John Doe | 8/24/10 | Physical therapy | $151.97 |
| 3 | Prime Care; Medicaid | John Doe | 8/26/10 | Physical therapy | $151.97 |
| 4 | Prime Care; Medicaid | John Doe | 10/05/10 | Physical therapy | $151.97 |
| 5 | Prime Care; Medicaid | John Doe | 10/07/10 | Physical therapy | $151.97 |
| 6 | Prime Care; Medicaid | John Doe | 10/12/10 | Physical therapy | $151.97 |
| 7 | Prime Care; Medicaid | John Doe | 10/14/10 | Physical therapy | $151.97 |
| 8 | MDB; Medicare | John Doe | 11/08/10 | Physical therapy | $158.28 |
| 9 | MDB; Medicare | John Doe | 11/10/10 | Physical therapy | $92.24 |

| Count | Provider; Program Billed | Beneficiary | Approximate Date of Claim | Services Billed | Approximate Claim Amount |
|---|---|---|---|---|---|
| 10 | MDB; Medicare | John Doe | 11/15/10 | Physical therapy | $92.24 |
| 11 | MDB; Medicare | John Doe | 11/17/10 | Physical therapy | $92.24 |

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## COUNT TWELVE
(Conspiracy to Pay Health Care Kickbacks)

23. The allegations contained in paragraphs 1 through 17 are realleged and incorporated as if fully set forth in this paragraph.

24. In or about and between February 2008 and February 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants, VALENTINA KOVALIENKO, ELDAR KADYMOFF, MIKHAIL FARBER, NISAN R. RANGINI, HARUTYUN MENEJYAN, EDUARD GENDELMAN and MARK NAROVLYANSKIY, together and with others, did knowingly and willfully conspire to offer and pay cash kickbacks, directly and indirectly, overtly and covertly, to Medicare and Medicaid beneficiaries, in order to induce the referral of said beneficiaries to Prime Care and MDB for the furnishing, and arranging for the furnishing, of items and services for which payment may be made in whole and in part under Medicare and Medicaid, and to induce Medicare and Medicaid beneficiaries to

purchase, lease, order, and arrange for and recommend purchasing, leasing and ordering of any goods, services and items for which payment may be made in whole and in part under Medicare and Medicaid, contrary to Title 42, United States Code, Section 1320a-7b(b)(2).

25. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants, VALENTINA KOVALIENKO, ELDAR KADYMOFF, MIKHAIL FARBER, NISAN R. RANGINI, HARUTYUN MENEJYAN, EDUARD GENDELMAN and MARK NAROVLYANSKIY, together with others, committed, and caused to be committed, among others, the following:

### OVERT ACTS

a. On or about August 17, 2010, the defendant MARK NAROVLYANSKIY paid a cash kickback to Medicaid beneficiary John Doe, an individual whose identity is known to the Grand Jury, to induce Doe to receive purported medical services at Prime Care.

b. On or about August 24, 2010, defendant HARUTYUN MENEJYAN paid a cash kickback to Medicaid beneficiary John Doe to induce Doe to receive purported medical services at Prime Care.

c. On or about August 31, 2010, the defendant HARUTYUN MENEJYAN paid a cash kickback to Medicaid beneficiary

11

John Doe to induce Doe to receive purported medical services at Prime Care.

d. On or about September 7, 2010, the defendant MARK NAROVLYANSKIY paid a cash kickback to Medicaid beneficiary John Doe to induce Doe to receive purported medical services at Prime Care.

e. On or about September 14, 2010, the defendant EDUARD GENDELMAN paid a cash kickback to Medicaid beneficiary John Doe to induce Doe to receive purported medical services at Prime Care.

f. On or about September 21, 2010, the defendant EDUARD GENDELMAN paid a cash kickback to Medicaid beneficiary John Doe to induce Doe to receive purported medical services at Prime Care.

g. On or about November 15, 2010, the defendant MIKHAIL FARBER paid a cash kickback to Medicare beneficiary John Doe to induce Doe to receive purported medical services at MDB.

h. On or about November 22, 2010, the defendant NISAN R. RANGINI paid a cash kickback to Medicare beneficiary John Doe to induce Doe to receive purported medical services at MDB.

i. On or about November 29, 2010, the defendant MIKHAIL FARBER paid a cash kickback to Medicare beneficiary John Doe to induce Doe to receive purported medical services at MDB.

j. On or about January 19, 2011, the defendant NISAN R. RANGINI paid a cash kickback to Medicare beneficiary Jane Doe, an individual whose identity is known to the Grand Jury, to induce Doe to receive purported medical services at MDB.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
(Counts One through Twelve)

26. The United States hereby gives notice to the defendants charged in Counts One through Twelve that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including but not limited to a sum of money in United States currency, in an amount to be determined at trial, for which the defendants are jointly and severally liable.

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

13

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(2) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 982(a)(7))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

DENIS J. MCINERNEY
CHIEF CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

F. #2011R00212
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

VALENTINA KOVALIENKO, ELDAR KADYMOFF, MIKHAIL FARBER, NISAN R. RANGINI, HARUTYUN MENEJYAN, EDUARD GENDELMAN and MARK NAROVLYANSKIY, Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 1347, 1349, 982(a)(7), 371, 287, 2 and 3551 et seq., T. 42, U.S.C. § 1320a-7b(b)(2))

A true bill,

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 20 ___

_____
Clerk

Bail, $ _____

O. Benton Curtis, Trial Attorney (305) 607-0203
Katherine Houston, Trial Attorney (718) 354-6033