UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        - v. -

VALENTINA KOVALIENKO,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CR-106 (S-2) (RRM)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Valentina Kovalienko, currently serving an 84-month sentence at the Federal Correctional Institution located in Danbury, Connecticut ("FCI Danbury"), seeks a reduction of her sentence on the basis of the ongoing COVID-19 pandemic and certain alleged medical conditions. The government opposes the motion. For the reasons set forth below, the motion is denied.

## BACKGROUND

      The Court assumes the parties' familiarity with the facts of Kovalienko's case and sets forth a brief background on the motion. Kovalienko was convicted upon her plea of guilty to conspiracy to commit health care fraud and conspiracy to commit money laundering and sentenced on September 15, 2017 to 84 months imprisonment. (J. as to Valentina Kovalienko (Doc. No. 464). As of this Order, Kovalienko has served 31 months of that sentence at FCI Danbury since her surrender in October 2017. In a motion dated April 28, 2020, Kovalienko moved this Court for compassionate release under 18 U.S.C. § 3582. (Emergency Mot. (Doc. No 500).) In her motion, Kovalienko argues that she is in poor health, suffering from obesity, severe gastrointestinal problems, back pain, calcifications she asserts are possibly indicative of

breast cancer, depression, anxiety, panic attacks, insomnia, and heart palpitations. (*Id*. at 7–9.)[1] Kovalienko concedes that, absent the risks posed by the ongoing COVID-19 pandemic, her "medical conditions might not warrant a reduction of sentence." (Emergency Mot. at 17.) However, Kovalienko argues that, because of her underlying conditions, were she to contract COVID-19, she would face greater peril and could die. (*Id*. at 5.) Kovalienko argues that this health risk, her rehabilitation, and the short amount of time remaining on her sentence constitute extraordinary and compelling reasons warranting release. (*Id*. at 23–5.)

The government opposes these arguments on the grounds that Kovalienko's medical conditions do not satisfy the statute's definition of "extraordinary and compelling," because, under the guidance provided by the Bureau of Prisons ("BOP"), her condition would not render her incapable of administering self-care were she to contract COVID-19. (Opp'n to Emergency Mot. at 11–12.)

For the reasons set forth below, Kovalienko's motion is denied.

## DISCUSSION[2]

### I.     Legal Standard

The First Step Act, 18. U.S.C. § 3582(c), vests the district court with discretion to reduce a term of incarceration upon a finding of "extraordinary and compelling reasons." Any such reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *See id*. The policy statements lay out several conditions that the Bureau of Prisons considers "extraordinary and compelling," including whether the defendant is "suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the

---

[1] All page numbers refer to ECF pagination.
[2] While the parties address the exhaustion requirement under the First Step Act, the Court declines to reach the issue as Kovalienko's motion fails on the merits.

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1.  The policy statements in turn require a finding that the defendant-movant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3412(g)."  *See* U.S.S.G. § 1B1.13.  They also require that the district court consider the sentencing factors set forth in 18 U.S.C. § 3553(a), including the seriousness of the offense, the need to promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant.  *See United States v. Fleming*, No. 18-CR-197 (KAM), 2020 WL 2838511, at *1 (E.D.N.Y. June 1, 2020).

"The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute."  *Id*. at *2 (citations omitted).

## II.     Extraordinary and Compelling Reasons

The Court considers first whether Kovalienko has established "extraordinary and compelling reasons" in favor of her release.  The Court finds that she has not.

First, Kovalienko has not alleged that she has a medical condition currently considered a high risk for severe complications from COVID-19.  Kovalienko makes much of her alleged obesity, with a claimed BMI of 29.99.  (Emergency Mot. at 16–23.)  However, the CDC considers a person with a BMI above 40 to be at high risk of suffering greater harm than others from the novel coronavirus.  *See United States v. Lagan,* No. 18-CR-283-91, at 7 (LEK) (N.D.N.Y. May 11, 2020).

Her other medical conditions, even when combined with her BMI, do not provide a basis for finding that she will be at any greater risk of serious illness or death were she to contract COVID-19.  Based on the medical records she has submitted, which pre-date her incarceration and are somewhat dated, Kovalienko has suffered rectal bleeding, ulcerations, back

3

pain, and calcifications, which she claims are possibly indicative of breast cancer, as well as depression, anxiety, panic attacks, insomnia, and heart palpitations.  However, nothing in the record before this Court indicates that any of these conditions have currently degraded her health to the point that she could not care for herself or would more easily succumb to the novel coronavirus.  First, the evidence in her medical records, which she claims shows possible pre-cancerous cysts, predates her incarceration by 4 years and involved a condition for which Kovalienko apparently never followed up.  (*See* Emergency Mot. at 9.)  Even assuming that her other conditions continue to date and are chronic, they do not place Kovalienko at higher risk under the CDC's COVID-19 guidance.

Kovalienko highlights her laudable steps towards rehabilitation, including work in the kitchen, educational achievements, mentoring, and driving inmates to appointments.  However, the Guidelines provide that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason."  U.S.S.G. § 1B1.13, app. n.3.  These activities also underscore an adult in sound physical and mental health.  Kovalienko is not "an inmate incapable of administering self-care because of a decline in health or mental ability" as described in the BOP's policy guidance.  In sum, Kovalienko has not carried her burden of showing "extraordinary and compelling reasons" warranting sentence reduction and is therefore not eligible for compassionate release.

### III.    The § 3553 Factors

Though the absence of extraordinary and compelling reasons is a sufficient basis for denying a sentence reduction, the Court also notes that the § 3553 factors militate against her immediate release.  *See United States v. Park*, No. 16-CR-473 (RA), 2020 WL 1970603, at *4 (S.D.N.Y. Apr. 24, 2020) (finding that alleged fraudulent scheme was serious enough to warrant continued incarceration, were it not for defendant's health issues and the COVID-19 pandemic).

4

Kovalienko organized a massive, $55 million scheme, committed over a period of years, to defraud the Medicaid and Medicare systems by bribing patients to undergo unnecessary procedures, submitting claims for those services, and submitting additional claims for services not performed by medical professionals.  These acts diverted scarce taxpayer resources from senior citizens and those in the need who depend upon Medicare and Medicaid.

Moreover, the need for a sentence that promotes respect for the law, affords adequate deterrence to Kovalienko, and protects the public from Kovalienko's further crimes are all factors that remain as true today as they were when the sentence was imposed.  Kovalienko has served only 31 months out of her 84-month sentence. She argues that with time in a halfway house and the likelihood of an early administrative release, she is likely to leave prison by September 2021.  (Emergency Mot. at 25.)  Those are matters for the BOP to adjudicate.

Finally, many of the cases cited by Kovalienko in support of her release involved defendants suffering more serious conditions, or with a relatively smaller portion of their custodial sentences left to serve, or a mix of both; Kovalienko's circumstances are far different. *See, e.g., United States v. Sawicz*, No. 08-CR-287 (ARR), 2020 WL 1815851, at *1 (E.D.N.Y. Apr. 10, 2020) (defendant undergoing treatment for hypertension with four months of a five-year sentence left to serve); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7–11 (E.D. Pa. Apr. 1, 2020) (defendant with liver abnormalities, obesity, hypertension, and diabetes with neuropathy, with 3 out of 20 years left to serve).  On the other hand, where a significant portion of a defendant's incarceration remained to be served or where the defendant's health condition was not serious, the risk of COVID-19 has not been found to create "extraordinary and compelling reasons." *Fleming*, 2020 WL 2838511, at *2–5 (compassionate release denied where defendant served only 25 months of a 65-month sentence

and had asthma); *United States v. Weingarten*, No. 08-CR-571 (BMC), 2020 WL 2733965, at *2–3 (E.D.N.Y. May 26, 2020) (compassionate release denied where defendant had kidney, bladder, and urinary conditions; prostate disorder; pericarditis; and heart problems with 19 years remaining in a 30-year sentence); *United States v. Lagan,* No. 18-CR-283-91 (LEK) (N.D.N.Y. May 11, 2020) (compassionate release denied where defendant was sixty-two years old, suffered less-than-severe obesity, and had served only 8 months of a 78-month sentence).

## CONCLUSION

For all the reasons set forth above, Kovalienko's motion for compassionate release is denied.

SO ORDERED.

Dated: Brooklyn, New York
       July 6, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge